SOWELL ET AL. *v.* TROTTER ET AL.

(No. 81-CI-F8276—Decided September 12, 1981.)

Shaker Heights Municipal Court.

*Mr. Albert A. Pottinger,* for plaintiffs.
*Mr. Thomas J. Lee,* for defendants Trotter.
*Mr. Frank Kundrat, Jr.,* for defendants city of Shaker Heights and Bennett.

ROCKER, J. This action is brought by plaintiffs as a result of the purchase of a residence from Lee A. Trotter, Jr. and his spouse, Lolita M. Trotter. Named as, among others, party defendants are the city of Shaker Heights, and one of its housing inspectors.

The claim of plaintiffs against the city of Shaker Heights and its housing inspector is based upon allegations that the inspection was negligently performed and plaintiffs suffered damage in the amount of $6,000 by reason of their having been mislead as to the actual condition of the residence with respect to then existing violations of the building codes of the city of Shaker Heights.

For the purpose of ruling upon defendants' motion to dismiss them from this action, the court is compelled to presume that the negligent acts of those defendants is admitted. The crux of the motion is as to whether admitting, *arguendo,* that such negligent acts were committed, the city is protected and immune from liability by reason of the acts committed being characterized as a governmental function.

The issue as to the constitutionality of housing inspections and more particularly the "point of sale" type involved herein has been dealt with by the Supreme Court of Ohio in *Wilson* v. *Cincinnati* (1976), 46 Ohio St. 2d 138, and found therein to be permissible and a constitutional exercise of local governments.

It is unquestioned that a municipal corporation has the power to enact building codes and to enforce such regulations. In doing so it is obviously engaged in a governmental function. The narrower question which arises in this action is whether included within such power is the intervention of the city in the negotiation and execution of a contract between a seller and buyer of real estate, ostensibly for the purpose of enforcing the city building code.

In substance, the "point of sale" ordinance imposes upon a purchaser of residential real estate an assumption of criminal liability if he fails to comply with all provisions of the building code, particularly those made known to the purchaser by the city's inspector. This is a liability, of course, which exists regardless of execution of a "point of sale" agreement or statement. The distinction which arises in these cases, however, is the fact that the municipality intervenes in the contractual relationships between the buyer and seller and

makes certain representations which ultimately must affect the terms and conditions of the contract.

Defendant, city of Shaker Heights, cites as one benefit to the city of the "point of sale" procedure is that inspection of buildings is made administratively more practical. It also advances the idea that this ordinance will aid in the negotiation of the selling price in light of necessary corrections. It further postulates that "the housing market in Shaker will be if anything strengthened by the assurance to buyers that (1) their potential home is up to code at the time of purchase, or (2) code violations are known and therefore negotiable in the selling price."

Those are all meritorious purposes, however, none of them appear to be subject of a governmental function by either a city, state, or the nation.

The court may take judicial notice of the fact that a transfer of title to real estate is an act which necessarily must require anywhere from weeks to months. Implied within the terms of the "point of sale" ordinance is the right to continue the existence of a safety hazard so long as the buyer agrees to accept the premises in that condition. If the purpose of the inspection is to protect the health, safety and welfare of the community, then, certainly, the immediate removal and correction of such a hazard becomes a duty of the municipality. At such a point the sale agreement is superfluous and bears only a casual relationship to the health, safety and welfare of the community which need not concern itself as to whether the buyer or seller are making a profitable deal.

The Supreme Court of Ohio in *Wooster* v. *Arbenz* (1927), 116 Ohio St. 281, 285, lays down the following principle for determination of whether an act of the state or municipality is to be classified as proprietary or governmental, to wit:

" * * * If, on the other hand, there is no obligation on the part of the municipality to perform them, but it does in fact do so for the comfort and convenience of its citizens, for which the city is directly compensated by levying assessments upon property, or where it is indirectly benefited by growth and prosperity of the city and its inhabitants, and the city has an election whether to do or omit to do those acts, the function is private and proprietary."

It is the opinion of this court that where a municipality

goes beyond the scope of building inspection for the sole purpose of discovery and correction of code violations, it assumes a proprietary function.

Another issue which is presented in defendant Shaker Heights' behalf is as to the disclaimer of liability because of a stamped warning notice on the inspection report.

Courts have, generally, looked with disfavor upon such disclaimers and will construe them strictly against the party presenting the disclaimer, especially where both parties are not on an equal footing regarding the risks known or the capabilities of the parties to acquire knowledge of the risks.

Defendant, city of Shaker Heights, suggests in its brief that plaintiffs were clearly put on notice of the disclaimer. This issue would, of course, be one to be decided by a jury or a court trying the case without a jury. The point of sale inspection form attached to plaintiffs' complaint indicates no signature of acceptance of such term by the purchaser. The fact of acceptance and even of knowledge would, therefore, have to be established by evidence.

The motion of defendants, the city of Shaker Heights and Andrew Bennett, to dismiss them from this action is overruled.

*Motion overruled.*